◼ ROMAN FLIKSHTEIN, Appellant, v CITY OF NEW YORK, Respondent. [710 NYS2d 112] —In an action, in effect, for a judgment declaring that the defendant may not remove a monkey from the plaintiff's home because the monkey is not vicious or dangerous, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated September 23, 1999, as granted the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant may remove the plaintiff's pet monkey from the plaintiff's home.

The New York City Health Code prohibits the possession of a monkey as a household pet (see, 24 RCNY 161.01). A declaration that the plaintiff's monkey was not vicious or dangerous is therefore irrelevant to the issue of the plaintiff's continued, unlawful possession of the monkey. Accordingly, the Supreme Court properly granted the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant rather than dismiss the complaint (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.