**EXOTIC ANIMAL OWNERS, Plaintiff,**

**Ronald Sorenson, also known as Ron James, Plaintiff–Appellant,**

v.

**The State of NEW YORK, NYS Assembly, New York State Senate, Defendants.**

**Docket No. 03–7327.**

United States Court of Appeals, Second Circuit.

June 4, 2004.

**906**

Ronald Sorenson, Bronx, NY, pro se.

PRESENT: CARDAMONE, JACOBS, Circuit Judges, and KORMAN,* District Judge.

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for

## SUMMARY ORDER

Plaintiff–Appellant Ronald Sorenson appeals from a decision of the United States District Court for the Northern District of New York dismissing his constitutional challenges to a state statute that requires owners and possessors of wild animals, including monkeys, to "report the presence thereof to the clerk of the city, town, or village in which such wild animal is owned, possessed, or harbored." N.Y. Gen. Mun. Law § 209–cc (McKinney 2002). Sorenson owns a monkey and lives in the Bronx, New York, and challenges the reporting requirements of § 209–cc primarily on equal protection grounds, *i.e.*, because the statute burdens wild animal owners, but no others.

Standing, a *necessary* prerequisite to commanding the time and attention of a federal court, exists if a complainant alleges (i) an " 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" that is (ii) caused by the challenged conduct; and (iii) likely to be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted).

The district court apparently viewed Sorenson's claims as unripe on the ground that, as of the time he filed suit, the state had not yet sought to enforce § 209–cc against him, *i.e.*, no "injury-in-fact." *See, e.g., U.S. v. Raines*, 362 U.S. 17, 20–21, 80 S.Ct. 519, 4 L.Ed.2d 524 (1960). We express no view on ripeness; assuming *arguendo*, that Sorenson has suffered sufficient injury-in-fact, this Court would be incapable of providing him any meaningful relief even if we were to recognize the

the Eastern District of New York, sitting by designation.

constitutional deficiency he claims in § 209–cc.

As a resident of New York City, Sorenson is subject to § 161.01 of the municipal health code, which provides (with certain exceptions not relevant here) that "[n]o person shall sell or give to another person, possess, harbor or keep wild animals" within the City of New York. 24 RCNY Hlth.Code, § 161.01(a). Monkeys are among the animals the code defines as "wild." 24 RCNY Hlth.Code § 161.01(b)(8). So, even if Sorenson were no longer required to report his monkey to the clerk of the City of New York pursuant to § 209–cc, he would still be forbidden to possess the creature within City limits. *See Flikshtein v. City of New York,* 273 A.D.2d 439, 710 N.Y.S.2d 112, 113 (App. Div.2000) (holding that monkeys are *per se* prohibited in the City of New York). He thus has "no standing in this case, because we can only speculate whether the remedy [he] seek[s] would redress [his] purported injuries." *New York Coastal P'ship, Inc. v. United States Dep't of the Interior,* 341 F.3d 112, 116–17 (2d Cir.2003).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

Subsequent to oral argument in this case, Sorenson submitted a motion to amend his pleadings, though he stated no justification for doing so at this late stage, nor has he explained what the nature of such an amendment would be. The motion to amend is therefore **DENIED.**